**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | | |
|---|---|---|
| **ROBBIE J. MOORE,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Case No. 11-2085** |
| | ) | |
| **LEONTA JACKSON, Warden** | ) | |
| | ) | |
| **Respondent.** | ) | |

## OPINION

On March 25, 2011, Petitioner, Robbie J. Moore, filed a handwritten letter which this Court construed as a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a person in State Custody (#1). The Petitioner also filed, on April 21, 2011, a Motion for Court Order (#8), requesting this Court to subpoena seven individuals and provide him copies of two prior court cases. On May 13, 2011, Respondent filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction (#9), in which he argued that the Petitioner's Petition is an unauthorized successive petition. Respondent attached supporting documentation. Following careful consideration, this Court agrees with Respondent that this Court lacks subject matter jurisdiction over Petitioner's Petition. Accordingly, Respondent's Motion to Dismiss (#9) is GRANTED and Petitioner's Petition (#1) is DISMISSED.

ANALYSIS

In 1997, following a bench trial, Petitioner was convicted in 96-CF-264 of three counts of predatory sexual assault and one count of aggravated criminal sexual abuse. The Petitioner was sentenced to three consecutive terms of twenty years imprisonment for the predatory sexual assault convictions and a consecutive seven-year term for aggravated sexual abuse. The Illinois Supreme Court reversed Petitioner's convictions for predatory criminal sexual assault ruling that

the statute creating the offense was unconstitutional. The Petitioner's conviction and sentence for aggravated sexual abuse were unaffected by the judgment. On May 24, 2000, Petitioner was retried in 00-CF-246 and convicted by a jury of three counts of aggravated criminal sexual assault. The Petitioner received three consecutive thirty-year terms. On appeal, the Illinois Appellate Court reduced the Petitioner's sentence to three twenty-year terms. Petitioner did not file a petition for leave to appeal (PLA) in the Illinois Supreme Court. In 2004, Petitioner filed an amended petition for post-conviction relief in the Circuit Court of Vermilion County. The state trial court denied the Petitioner's postconviction petition. The state trial court's denial of relief was affirmed on appeal. The Illinois Supreme Court denied Petitioner's PLA.

On March 2007, Petitioner filed a Writ of Habeas Corpus Petition pursuant to § 2254 attacking his 1997 and 2000 Vermilion County convictions. In 2008, this Court denied the Petitioner's 2007 § 2254 Petition. In this case, the Petitioner filed a handwritten letter which this Court construed as a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a person in State Custody (#1) on March 25, 2011. In the Respondent's Motion to Dismiss (#9), he argues that this Court lacks subject matter jurisdiction concerning the Petitioner's Petition (#1) because the Petitioner did not obtain permission from the Seventh Circuit Court of Appeals before filing his 2011 habeas petition. This Court agrees.

The Seventh Circuit defines a successive habeas corpus petition as any petition attacking the same judgment the petition attacked. In re Page, 170 F.3d 659, 661 (7th Cir. 1999). The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) "established a stringent set of procedures that a prisoner 'in custody pursuant to the judgment of a State court,' 28 U.S.C. § 2254 (a), must follow if he wishes to file a 'second or successive' habeas corpus application

challenging that custody, § 2254(b)(1)." <u>Burton v. Stewart</u>, 549 U.S. 127, 152 (2007). "In pertinent part, before filing the application in the district court, a prisoner 'shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.'" <u>Burton</u>, 549 U.S. at 152-53, <u>quoting</u> 28 U.S.C. § 2244(b)(3)(A). A district court "<u>must</u> dismiss a second or successive petition" for lack of subject matter jurisdiction, "unless the court of appeals has given approval for its filing." <u>Nuñez v. United States</u>, 96 F.3d 990, 991 (7th Cir. 1996) (emphasis in original).

In the instant case, there is no question that this is a second or successive petition brought under § 2254. In the Petitioner's 2007 Petition he challenged his 1997 and 2000 Vermilion County judgments. <u>See</u> <u>Moore v. McCann</u>, No. 07-CV-2062, 2008 WL 2519923, at *3-6 (C.D. Ill. June 20, 2008). Similarly, the Petitioner's instant Petition challenges his 1997 and 2000 Vermilion County judgments. Additionally, this Court dismissed the Petitioner's 2007 Petition with prejudice. <u>Moore</u>, 2008 WL 2519923 at *3-6; <u>See</u> <u>Pavlovsky v. VanNatta</u>, 431 F.3d 1063, 1064 (7th Cir. 2005) (stating that a petition dismissed without prejudice does not count as the first petition). Therefore, the instant Petition is a second or successive petition. Since the Seventh Circuit has not given approval for its filing, this Court is without jurisdiction to entertain Petitioner's Petition and it must be dismissed. <u>See</u> <u>Burton</u>, 549, U.S. at 157; <u>Nuñez</u>, 96 F.3d at 991. Further, the Petitioner's Motion for Court Order (#8) is denied as moot.

IT IS THEREFORE ORDERED THAT:

(1) Respondent's Motion to Dismiss for Lack of Subject Matter Jurisdiction (#9) is GRANTED.

(2) Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a

Person in State Custody (#1) is hereby dismissed for lack of subject matter jurisdiction.

(3) Petitioner's Motion for Court Order (#8) is denied as moot.

(4) This case is terminated.

ENTERED this 16th day of June, 2011.


s/MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE